**Claude THORN, Appellant,**

v.

**TYSON FOODS, INC., Appellee.**

**No. 04–3495.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 30, 2005.

Decided Jan. 10, 2006.

Claude Thorn, Rosston, AR, pro se.

Michael R. Jones, Christopher F. Woomer, Gilker & Jones, Mountainburg, AR, for Defendant–Appellee.

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.

PER CURIAM.

Claude Thorn appeals from the district court's[1] adverse grant of summary judgment in his action claiming sexual harassment and retaliation for protected activity. Upon de novo review, *see Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 953 (8th Cir.2001) (standard of review), we affirm.

Specifically, the actions and comments Thorn complains of were not objectively "severe or pervasive" enough to alter a term, condition, or privilege of his employment, *see Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1026–28 (8th Cir.2004) (to establish prima facie case of hostile-environment sexual harassment, plaintiff must show, inter alia, that conduct was objectively "severe or pervasive" enough to alter term, condition, or privilege of employment); and Thorn's retaliation claims fail because he did not suffer an adverse employment action as a result of his complaints, *see Gilooly v. Mo. Dep't of Health & Senior Servs.*, 421 F.3d 734, 739 (8th Cir.2005) (to establish Title VII retaliation claim, plaintiff must show, inter alia, an adverse employment action was taken following complaint); *Grey v. City of Oak Grove*, 396 F.3d 1031, 1034 (8th Cir.2005) (same for Fair Labor Standards Act).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

---

1. The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.